Jay Stein (State Bar No. 141042)
FINESTONE & RICHTER
1875 Century Park East, Suite 1500
Los Angeles, California 90067-2516
Telephone:  (310) 575-0800
Facsimile:  (310) 575-0170

Attorneys for Plaintiff Biotab Nutraceuticals, Inc.

FILED

BY:
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
2010 JUL 20  PM 3:38

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOTAB NUTRACEUTICALS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BEAMONSTAR, LLC, an Arizona limited liability company; JEFF BOLANOS , an individual dba BEAMONSTAR; and DOES 1 through 10 , Inclusive,<br><br>Defendants. | Case No.: CV10 5335 SVW (JEMx)<br><br>**COMPLAINT FOR:**<br><br>1)  **LANHAM ACT – TRADEMARK INFRINGEMENT;**<br>2)  **LANHAM ACT – UNFAIR COMPETITION;**<br>3)  **LANHAM ACT - USE OF COUNTERFEIT MARK;**<br>4)  **VIOLATION OF TARIFF ACT;**<br>5)  **VIOLATION OF CIVIL RICO;**<br>6)  **INTENTIONAL INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGE;**<br>7)  **FRAUD AND DECEIT;**<br>8)  **NEGLIGENT INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGE;**<br>9)  **NEGLIGENT REPRESENTATION;**<br>10) **UNFAIR COMPETITION;**<br>11) **FALSE ADVERTISING.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Biotab Nutraceuticals, Inc. alleges as its Complaint the following:

## COMMON ALLEGATIONS

### Jurisdiction and Venue

1.     This Court has original subject matter jurisdiction over this action pursuant to 28 USC §§1331, 1338(a) and 1367 insofar as the Complaint presents a civil action involving claims

1

arising under the laws of the United States, including an Act of Congress relating to Acts of Congress relating to trademarks, tariffs, importation of counterfeit goods, and racketeering, and insofar as all other claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, 28 USC §1338(b) and 28 USC §1367. This court also has original jurisdiction over this action pursuant to 28 USC §1332, inasmuch as this is a civil action between citizens of different States and wherein the sum or value in controversy exceeds $75,000.00, exclusive of interest and costs.

2.     Venue is proper in this Court pursuant to 28 USC §1391 insofar as this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of property that is the subject of the action is situated.

### The Parties

3.     Plaintiff Biotab Nutraceuticals, Inc. is a corporation duly organized and existing pursuant to the laws of the State of California and has its principal place of business in said State.

4.     Plaintiff is informed and believes and thereon alleges that Defendant Beamonstar, LLC ("Beamonstar") is or was an Arizona limited liability company with its principal place of business in Queen Creek, Arizona, and which committed the acts complained of herein, in whole or in part, in this Federal District. Plaintiff is informed and believes and thereon alleges that, on or about April 5, 2010, the Arizona Corporation Commission entered an involuntary dissolution of Beamonstar's status as an Arizona limited liability company.

5.     Plaintiff is informed and believes and thereon alleges that Defendant Jeff Bolanos ("Bolanos") is an individual who, at all times relevant hereto, has been doing business as "Beamonstar," who is or was a resident of the State of Arizona, and who committed the acts complained of herein, in whole or in part, in this Federal District.

6.     The true names and capacities, whether corporate, individual, associate or otherwise, of the Defendants named herein as Does 1 through 100, inclusive, are presently unknown to, or unappreciated by, Plaintiff. Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege said Defendants' true names and capacities when the same have been ascertained or appreciated.

7.     Plaintiff is informed and believes and therein alleges that Does 1 through 10 have some sort of ownership or other participatory interest in the business operations known as "Beamonstar."

8.     Plaintiff is informed and believes and therein alleges that Does 11 through 80 are co-conspirators with Defendants Beamonstar, Bolanos and Does 1 through 10, or otherwise have acted in concert with said Defendants to commit the wrongful acts complained of herein, including by manufacturing, labeling, distributing, offering for sale, facilitating the offer for sale, and publishing materials or advertising goods that infringe upon Plaintiff's registered trademark and/ or that are counterfeit goods.  Plaintiff, therefore, alleges on information and belief that each of said Defendants contributed to the trademark infringement and other wrongs complained of herein, knowing that wrongful conduct by the other Defendants might well have been anticipated.

9.     Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, each of the Defendants herein was the agent, representative and/or employee of each of the remaining Defendants and, in doing the things herein alleged, each was acting within the course and scope of such agency, representative capacity and/or employment and with the knowledge, consent and ratification of each of the other Defendants.

10.    Plaintiff is informed and believes and thereon alleges that, at all times relevant to the allegations herein, Defendant Beamonstar, was the alter ego of Defendants Bolanos and Does 1 through 10, and there exists, and at all times herein alleged has existed, a unity of interest and ownership between said Defendants such that any separateness between them has ceased to exist, in that Defendants Bolanos and Does 1 though 10 completely controlled, dominated, managed, and operated the corporate defendant and intermingled the assets of each to suit the convenience of Defendants Bolanos and Does 1 though 10.

11.    Plaintiff is informed and believes and thereon alleges that the assets of Defendant Beamonstar were transferred to Defendants Bolanos and Does 1 through 10 without adequate consideration and for the purpose of evading liability, including liability for the wrongful conduct complained of herein.

/ / /

### Plaintiff's Superior Legal Rights

12.     In or about 1999, Plaintiff and/or Plaintiff's predecessor in interest and affiliates developed a dietary or vitamin supplement essentially promoting male sexual enhancement, which product became known in commerce as "ExtenZe." On July 18, 2007, Plaintiff sought from the United States Patent and Trademark Office ("USPTO") formal registration for the trademark, ExtenZe®, alleging its first use in commerce as being November 1999. The USPTO entered the mark in its principal register on March 25, 2008, as Registration Number 3401265. As a result of said registration, Plaintiff is entitled to the exclusive use of said trademark in commerce on or in connection with the goods specified in the Registration, as provided for by 15 USC 1115. A true and correct copy of said Registration is appended hereto as Exhibit "A" and is incorporated herein.

13.     Since ExtenZe's® entry into the market, Plaintiff and/or its predecessors, affiliates and agents marketed supplement products extensively to the general public, nationally and internationally, including by way of television, print and internet media advertising. Plaintiff's ExtenZe® products are sold through telephone sales, internet sales, mail order, and retail store sales, including retail sales through several national and international chain retailers. Plaintiff also owns the rights to the internet domain name, extenze.com, and uses that domain name to market and sell its ExtenZe® products. As a result of Plaintiff's extensive and long-term marketing of the ExtenZe® products, Plaintiff has created such a strong mark in Extenze® that the mark is widely recognized by consumers, that it is widely recognized as being associated with products related to sexual enhancement, and that it points uniquely and unmistakably to Plaintiff.

14.     In an interview given at a trade show in or about April 2010, Defendant Bolanos was reported to state that, with regard to ExtenZe®, "It took years to build the brand," and that "ExtenZe, with its multi-million marketing campaign, sells itself."

### Defendants' Unlawful Acts

15.     On multiple occasions until October 2009, Defendants Beamonstar, Bolanos, and/or Does 1 through 10 and 81 through 100 purchased from Plaintiff some of Plaintiff's goods bearing the ExtenZe® trademark.

///

16. On several occasions, Defendants Beamonstar and Bolanos negotiated the purchase of Plaintiff's ExtenZe® goods for prices that were discounted from the normal retail price, in exchange for the Defendants' representations, promises and warranties that Defendants would not: (i) market and re-sell ExtenZe® branded goods to anyone who was not engaged in the adult entertainment industry in the United States or in attendance in adult entertainment industry events; (ii) represent to others that there was any affiliation between Defendants and Plaintiff or Plaintiff's ExtenZe® goods, whether as a distributor, dealer, agent, affiliated business, or manufacturer; and (iii) use Plaintiff's proprietary marketing materials in selling ExtenZe® branded products.

17. Continuing through the filing of this action, Defendants Beamonstar, Bolanos, and Does 1 through 100 have marketed and sold goods, both in interstate commerce and internationally, bearing the ExtenZe® trademark to persons other than those engaged in the adult entertainment industry in the United States or in attendance in adult entertainment industry events, including doing so to the public at-large via the internet, general advertising, and direct sales marketing. Plaintiff is informed and believes that Defendants have done so using the website, amongst other websites, www.beamonstar.com, and by selling ExtenZe® branded goods on the websites of internet stores, by telephone sales, by mail order, and at promotional events.

18. In marketing and selling ExtenZe® branded goods, Defendants Beamonstar, Bolanos, and Does 1 through 100 have represented to others that there was an affiliation between Defendants and Plaintiff and Plaintiff's ExtenZe® goods, including that Defendants were a distributor, dealer, agent, affiliated business, or manufacturer. For example, in December 2008, Defendant Bolanos was quoted publicly as saying that Plaintiff's product, "Women ExtenZe" has been planned for a long time and that "we wanted to wait until we found a formula worth distributing under the ExtenZe brand." In that same interview and also on Defendants' website, it was and is stated that "BeaMonstar is the exclusive nationwide distributor of ExtenZe . . ." Defendant Bolanos even boasts on his Facebook page that he was present as a supervisor on the set when Ron Jeremy filmed the first ExtenZe® commercial. In fact, Bolanos had nothing to do with the selection of a formula for the Women ExtenZe product, Beamonster has never been the

5

exclusive nationwide distributor of ExtenZe®, and Bolanos was neither a supervisor for, nor on the set during the filming of, the first Ron Jeremy ExtenZe® commercial.

19.     In marketing and selling ExtenZe® branded goods, Defendants Beamonstar, Bolanos, and Does 1 through 100 have used without authorization Plaintiff's proprietary marketing materials, including ExtenZe® branded packaging, advertisements, promotional photographs and likenesses.

20.     Even though Defendants ceased purchasing ExtenZe® branded goods from Plaintiff in or before October 2009, Plaintiff is informed and believes and thereon alleges that Defendants continue to advertise the sale of ExtenZe® branded goods, market the sale of ExtenZe® branded goods, represent to the public that they are authorized distributors of ExtenZe® branded goods, sell ExtenZe® branded goods, use Plaintiff's trade dress in selling ExtenZe® branded goods, and use Plaintiff's marketing materials in selling ExtenZe® branded goods, both in interstate commerce and internationally.

21.     Plaintiff is informed and believes and thereon alleges that Defendants have sold to others a greater quantity of ExtenZe® branded goods than Plaintiff has even sold to Defendants.

22.     Plaintiff is informed and believes and thereon alleges that Defendants have been offering for sale ExtenZe® branded goods at prices that are below the prices at which Plaintiff sold goods to Defendants.

23.     Plaintiff is informed and believes and thereon allege that Defendants have been manufacturing, advertising for sale, offering for sale, and selling in interstate commerce and internationally, counterfeit goods using Plaintiff's ExtenZe® registered trademark and /or using a spurious designation that is identical with, or substantially indistinguishable from Plaintiff's trademark.   Plaintiff is informed and believes and thereon alleges that some or all of said counterfeit goods have been manufactured outside of the United States and imported into the United States.

24.     Defendants' conduct alleged herein constitutes unfair and deceptive packaging and labeling, as proscribed by 15 USC 1452 and 1453.  Plaintiff is informed and believes and thereon alleges that the goods being sold and offered for sale by Defendants also constitute misbranded

consumer commodities, as defined by 21 USC 331, in violation of the Federal Food, Drug and Cosmetic Act and/or are proscribed unfair or deceptive acts in commerce, in violation of the Fair Packaging and Labeling Program.

25.     Defendants' conduct alleged herein constitutes trafficking in counterfeit goods, as proscribed by 18 USC 2320.

26.     Plaintiff is informed and believes and thereon alleges that Defendants solicited existing wholesale customers of Plaintiff to purchase ExtenZe® branded goods from Defendant, and that Defendants did so offering prices that were both below the prices for which Plaintiff sold goods to Defendants and below the wholesale prices at which Plaintiff was selling goods to such customers.

27.     Plaintiff is informed and believes and thereon alleges that, in an interview given in June 2010, Defendant Bolanos stated that Beamonstar "will continue to offer the entire ExtenZe line, including the four-tablet packs, 30-tablet box and seven tablet bottle – which BeaMonstar exclusively offers – and the ExtenZe Libido Shooter." However, Plaintiff only produced a limited quantity of seven-tablet bottles of ExtenZe® , Plaintiff has not produced goods of that quantity for years so-packaged, and Defendants have not purchased ExtenZe® goods in those seven-unit packages for years. Moreover, Plaintiff does not produce or sell any such product known as the "ExtenZe Libido Shooter."

28.     In or about December 2008, when Defendants became aware that Plaintiff was about to launch a new product line, called "Women ExtenZe®," Defendants surreptitiously registered the internet domain name, www.womenextenze.com. Defendant Bolanos thereafter promised to surrender that domain name to Plaintiff and, on several occasions thereafter when Defendants sought to purchase goods from Plaintiff, Plaintiff so demanded its surrender and inquired as to when Defendants would be formalizing the transfer of the domain name to Plaintiff, each time being reassured by Defendant Bolanos that would do it shortly. Not only have defendants never transferred the domain name to Plaintiff, but they have been using that website in interstate commerce, to sell to the general public ExtenZe® goods and other goods that are competitive with Plaintiff's goods. Plaintiff is informed and believes and thereon alleges that

7

Defendants' true intent in registering that domain name was to reap windfall profits from a domain name that infringes upon Plaintiff's trademark and is dilutive of Plaintiff's famous mark.

29. Plaintiff is informed and believes and thereon alleges that, in operating the internet domain name, www.beamonstar.com and other domain names, Defendants have used meta tags or hidden code visible to Internet search engines but invisible to others, containing Plaintiff's registered mark, ExtenZe®, as a means of fooling Internet search engines, confusing prospective customers, and diverting attention and commerce from Plaintiff's website and the true origin of Plaintiff's ExtenZe® branded goods to Defendant's website, address and/or telephone number. Plaintiff is informed and believes and thereon alleges that, in connection with the use of Plaintiff's registered mark and in the marketing of goods similar to Plaintiff's ExtenZe® branded goods, Defendants have engaged in a campaign of eliciting other websites to link or point to Defendants' website(s) with the objective of manipulating the Internet search engine rankings of Defendant's website(s) over Plaintiff's site.

30. In engaging in the conduct complained of herein, Plaintiff is informed and believes and thereon alleges that Defendants have perpetrated unfair methods of competition and unfair or deceptive acts or practices in violation of California Civil Code Section 1770, including by: passing off goods as those of another; misrepresenting the source, sponsorship, approval or certification of goods; misrepresenting the affiliation, connection or association with, or certification by, another; and, using deceptive representations of geographic origin in connection with goods.

31. On the www.beamonstar.com website and on the www.womenextenze.com website operated by Defendants, Defendants solicit others to sell and to advertise for sale what is purported to be Plaintiff's ExtenZe® branded goods supplied by Defendants and on behalf of Defendants, and they offer compensation and/or discounts for doing so. Said conduct violates California Business and Professions Code Section 17047.

/ / /

/ / /

/ / /

8

## First Cause of Action

### (Violation of Lanham Act – Trademark Infringement, §32)

32.     Plaintiff realleges and incorporates its allegations of Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33.     All Defendants' acts, practices and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's prior registered trademark, and is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1).

34.     As a direct and proximate result of Defendants' infringement, Plaintiff has been, and is likely to be, substantially injured in its business, including to its goodwill and reputation, resulting in lost revenues and profits, diminished goodwill, and diminished value.   As the proximate result of Defendants' conduct, Plaintiff has sustained damage in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000. Plaintiff will amend this Complaint when said damages are fully ascertained, or will offer proof of the exact sum of such damage at time of trial.

35.     Plaintiff has no adequate remedy at law to redress Defendants' wrongful conduct because Plaintiff's trademark is unique and represents to the public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

36.     Unless enjoined by the Court, Defendants will continue to use and infringe Plaintiff's trademark, to Plaintiff's irreparable injury.   This threat of future injury to Plaintiff's business identity, goodwill and reputation requires injunctive relief to prevent Defendants' continued use of Plaintiff's trademark and to mitigate Plaintiff's injuries.

## Second Cause of Action

### (Violation of Lanham Act – Unfair Competition, §43(a))

37.     Plaintiff realleges and incorporates its allegations of Paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

/ / /

9

38.     Each of the Defendants' acts, practices and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection or association of the parties and/or to misrepresent the nature, characteristics, qualities or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C. § 1125(a). Plaintiff is informed and believes and thereon alleges that Defendants committed the acts complained of herein with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

39.     As a direct and proximate result of Defendants' infringement, Plaintiff has been and is likely to be substantially injured in its business, including to its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill. As the proximate result of Defendants' conduct, Plaintiff has sustained damage in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000. Plaintiff will amend this Complaint when said damages are fully ascertained, or will offer proof of the exact sum of such damage at time of trial.

40.     Plaintiff is informed and believes and thereon alleges that, at all times relevant hereto, Defendants acted in bad faith, oppressively, and maliciously with respect to Plaintiff, thereby entitling Plaintiff to be awarded treble damages against Defendants, and each of them.

41.     Plaintiff has no adequate remedy at law to redress Defendants' wrongful conduct because Plaintiff's registered trademark is unique and represents to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

42.     Unless enjoined by the Court, Defendants will continue to use and infringe Plaintiff's trademark, to Plaintiff's irreparable injury. This threat of future injury to Plaintiff's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the Plaintiff's trademark and to mitigate Plainitff's injuries.

/ / /

/ / /

COMPLAINT

### Third Cause of Action

### (Violation of Lanham Act – Anti-Dilution, §43(c))

43.     Plaintiff realleges and incorporates its allegations of Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

44.     Plaintiff's federally-registered ExtenZe® trademark is a famous mark with distinctive quality, thereby qualifying said mark for protection from dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45.     Defendants' unauthorized use of the Plaintiff's trademark has and will continue to lessen the capacity of the famous and distinctive Plaintiff's mark to distinguish Plaintiff's goods and services from those of others.

46.     By reason of Defendants' ongoing and continuing misconduct, Plaintiff has suffered and, unless Defendants' misconduct is enjoined, will continue to suffer, irreparable harm for each day that Defendants continue to infringe upon and dilute Plaintiff's trademark.

47.     Plaintiff has no adequate remedy at law to redress Defendants' wrongful conduct because the harm it has suffered and will continue to suffer is difficult to quantify, and because Plaintiff's registered trademark is unique and represents to the public Plaintiff's identity, reputation and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

### Fourth Cause of Action

### (Violation of Tariff Act – Prohibited Importation of American Trademarked Goods)

48.     Plaintiff realleges and incorporates its allegations of Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

49.     Plaintiff is informed and believes and thereon alleges that, in violation of 19 USC 1202, et seq., and particularly Section 1526(a) of said Act, without Plaintiff's consent, Defendants unlawfully imported into the United States merchandise of foreign manufacture bearing a trademark owned by a citizen of, or by a corporation or association created or organized within, the United States, and registered in the Patent and Trademark Office by a person domiciled in the United States, under the provisions of sections 81 to 109 of title 15.

50.     Pursuant to 19 USC 1526(b), all of Defendants' counterfeit goods imported into the United States in violation of 19 USC 1526 shall be subject to seizure and forfeiture.  As well, pursuant to 19 USC 1526(c), Defendants may be enjoined from dealing in such goods in the United States, may be required to destroy such merchandise, and shall be liable for the damages and the profits arising from the wrongful use of a trademark, as provided for in the Lanham Act.

## Fifth Cause of Action

### Racketeering

### (Violation of 18 USC 1961, et seq. – Civil RICO)

51.     Plaintiff hereby realleges and incorporates herein as though set forth in full the allegations of Paragraphs 1 through 31, 33, 38 and 49.

52.     Defendants Beamonstar, Bolanos and Does 1 through 80 are persons within the meaning of the Racketeering Influenced and Corrupt Organizations Act.  Beamonstar and Does 81 through 100 each were an "enterprise" through which the pattern of racketeering activities described herein was conducted and through which income was derived and used in operating the enterprises.

53.     Plaintiff is informed and believes and thereon alleges that Defendants engaged in a pattern of racketeering activity subjecting them to direct liability under 18 USC 1962(d) and that the individuals and the senior management and certain other employees of the corporate Defendants knew of and/or participated in the racketeering activity, such that the racketeering activity was the corporate policy and practice of the corporate Defendants.

54.     Plaintiff is informed and believes and thereon alleges that the individual Cross-Defendants herein knew of and participated in the racketeering activity and conspired with the corporate Cross-Defendants, not just as employees of the corporate Cross-Defendants, but also, in their individual capacities, particularly inasmuch as such individual Cross-Defendants had an independent interest and stake in achieving the illegal objectives of the racketeering activity.

55.     Plaintiff is informed and believes and thereon alleges that Defendants' conduct was interrelated, part of a common and continuous pattern of  fraudulent schemes and practices and

12

1   was perpetrated for the same or similar purposes, thus constituting a "pattern of racketeering

2   activity," as defined in 18 USC 1961(5).

3       56.    Defendants engaged in the pattern of racketeering activity complained of herein

4   through certain enterprises, as is defined in 18 USC 1961(4).

5       57.    Plaintiff is informed and believes and thereon alleges that, by engaging in the

6   conduct described herein, each of Defendants unlawfully, willfully and knowingly conspired to

7   engage in conduct violative of the provisions of 18 USC Sections 1962(b), and 1962(c), in

8   violation of 18 USC 1962(d).

9       58.    In furtherance of their wrongful, fraudulent conduct, Defendants knowingly and

10  willfully used the United States Postal Service, federally regulated television and radio media,

11  and/or federally regulated telephone, wire and internet services to communicate, and did so in

12  repeated violations of 18 USC Sections 1341 and 1343, each of which services is an

13  instrumentality of interstate commerce, and was used by Defendants to engage in interstate

14  commerce as described herein.

15      59.    As the proximate result of Defendants' conduct, Plaintiff has sustained damage in

16  an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in

17  excess of $75,000. Plaintiff will amend this Complaint or will offer proof of the exact sum at time

18  of trial.

19      60.    As a further element of Plaintiff's right to recover damages, Defendants' conduct

20  herein justifies the recovery by Plaintiff of treble damages.

21      61.    Defendants' wrongful conduct alleged herein was willful, intentional, malicious,

22  oppressive and fraudulent, and was done for the purpose of depriving Plaintiff of its just money,

23  property and/or legal rights or otherwise of causing injury to Plaintiff.  Said conduct was

24  despicable and subjected Plaintiff to unjust hardship, so as to justify an award of exemplary and

25  punitive damages.

26                          **Sixth Cause of Action**

27      **(Intentional Interference with Actual and Prospective Economic Advantage)**

28      62.    Plaintiff hereby realleges and incorporates herein as though set forth in full, its

13

allegations contained in Paragraphs 1 through 31.

63. At all times relevant hereto, an economic and business relationship existed between Plaintiff and its actual and prospective customers, including, but not limited to, wholesalers, retailers, and the general public.

64. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully interfered with, interrupted, and attempted to interfere with Plaintiff's economic relationships with its actual and prospective customers. In fact, by acting as alleged hereinabove, each of the Defendants derived, and attempted to derive, a pecuniary benefit, to Plaintiff's detriment, and the aforesaid existing economic relationships were frustrated and obstructed.

65. Plaintiff is informed and believes, and thereon alleges, that Defendants knew, or should have known, of said economic relationships.

66. Defendants' actions alleged herein were without justification or excuse, and wrongfully, corruptly and intentionally interfered with, or attempted to interfere with, Plaintiff's existing and potential economic benefit and relationships.

67. As the proximate result of Defendants' conduct, Plaintiff has sustained damage in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000. Plaintiff will amend this Complaint or will offer proof of the exact sum at time of trial.

68. Defendants' interference with Plaintiff's economic advantages, both existing and potential, was willful, intentional, malicious and fraudulent. The interference was done with the advance knowledge of, approval or ratifications by Defendants, and each of them. By reason of such conduct, Defendants have denied Plaintiff of its legal rights and property, thereby entitling Plaintiff to a recovery of punitive and exemplary damages.

### Seventh Cause of Action

### Fraud And Deceit

69. Plaintiff hereby realleges and incorporates herein as though set forth in full the allegations of Paragraphs 1 through 31, inclusive.

/ / /

14

70.     During the time in which Defendants purchased goods from Plaintiff, Defendants, through the statements of Defendant Bolanos, intentionally made to Plaintiff false representations regarding material facts and false promises which Defendants knew to be false, and also concealed from Plaintiff certain material facts, upon which Defendants knew Plaintiff would rely.  The false representations, false promises, and concealments of material fact by Defendants included, but are not limited to:

70.1     Defendants would not market and re-sell ExtenZe® branded goods to anyone who was not engaged in the adult entertainment industry in the United States or in attendance in adult entertainment industry events;

70.2     Defendants would not represent to others that there was any affiliation between Defendants and Plaintiff or Plaintiff's ExtenZe® goods, whether as a distributor, dealer, agent, affiliated business, or manufacturer, or otherwise;

70.3     Defendants would not use Plaintiff's proprietary marketing materials in selling ExtenZe® branded products;

70.4     Defendant Bolanos promised to surrender to Plaintiff the domain name, www.womenextenze.com.

71.     The true facts were that:

71.1     Defendants did market and re-sell ExtenZe® branded goods to persons who were not engaged in the adult entertainment industry in the United States or in attendance in adult entertainment industry events;

71.2     Defendants did represent to others that there was any affiliation between Defendants and Plaintiff or Plaintiff's ExtenZe® goods, including as a distributor;

71.3     Defendants did use Plaintiff's proprietary marketing materials in selling ExtenZe® branded products;

71.4     Defendants never surrender and transferred to Plaintiff the domain name, www.womenextenze.com, and Defendants even have been using that domain name to sell their own products.

/ / /

15

COMPLAINT

72.     Plaintiff did not know of the falsity of Defendants' representations and believed them to be true, were reassured by Defendants of the truth of truth of those representations and, therefore, justifiably relied upon them in taking the actions herein alleged, to Plaintiff's detriment. Plaintiff is informed and believes and thereon alleges that Defendants engaged in such conduct, in part, to induce Plaintiff to sell goods to them, to defer asserting or enforcing its rights against Defendants, and so as to enable Defendants to profit.

73.     As the proximate result of Defendants' conduct, Plaintiff has sustained damage in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000. Plaintiff will amend this cross-complaint or will offer proof of the exact sum at time of trial.

74.     Defendants' wrongful conduct alleged herein was willful, intentional, malicious, oppressive and fraudulent, and was done for the purpose of depriving Plaintiff of its just money, property, and/or legal rights, or otherwise of causing injury to Plaintiff.  Said conduct was despicable and subjected Plaintiff to unjust hardship, so as to justify an award of exemplary and punitive damages.

### Eighth Cause of Action

### (Negligent Interference with Actual and Prospective Economic Advantage)

75.     Plaintiff hereby realleges and incorporates herein as though set forth in full the allegations of Paragraphs 1 through 31, inclusive.

76.     At all times relevant hereto, an economic and business relationship existed between Plaintiff and its actual and prospective customers, including, but not limited to, wholesalers, retailers, and the general public.

77.     Plaintiff is informed and believes and thereon alleges that Defendants knew, or should have known, that its actions were unlawful and that they would interfere with Plaintiff's actual and prospective relationship with customers and, further, that its actions would likely damage Plaintiff.

78.     As the proximate result of Defendants' conduct, Plaintiff has been damaged in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess

of $75,000.00. Plaintiff will amend this complaint or will offer proof of the exact sum at time of trial.

### Ninth Cause of Action

### Negligent Misrepresentation

79. Plaintiff hereby realleges and incorporates herein as though set forth in full the allegations of Paragraphs 1 through 31, inclusive.

80. Defendants made the following false representations of material fact and false promises to Plaintiff:

80.1 Defendants would not market and re-sell ExtenZe® branded goods to anyone who was not engaged in the adult entertainment industry in the United States or in attendance in adult entertainment industry events;

80.2 Defendants would not represent to others that there was any affiliation between Defendants and Plaintiff or Plaintiff's ExtenZe® goods, whether as a distributor, dealer, agent, affiliated business, or manufacturer, or otherwise;

80.3 Defendants would not use Plaintiff's proprietary marketing materials in selling ExtenZe® branded products;

80.4 Defendant Bolanos promised to surrender to Plaintiff the domain name, www.womenextenze.com.

81. Each of the Defendants made these representations with no reasonable grounds for believing them to be true and acted as alleged in a neglectful and reckless disregard of their duty to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of the Defendants did not convey to Plaintiff accurate information regarding the foregoing and that each of the Defendants was aware that, without such information, Plaintiff would be, or could reasonably be anticipated to be, misled. At the time of making these representations and the taking of these actions, and at all times thereafter, each of the Defendants concealed from Plaintiff the true information as to the foregoing and their inability or failure to disclose that information accurately.

82. These representations were made by each of the Defendants and these actions were taken by Defendants with the intent to induce Plaintiff to act in the manner herein alleged.

17

COMPLAINT

83.     Plaintiff is informed and believes and thereon alleges that the true facts were, as follows:

83.1    Defendants did market and re-sell ExtenZe® branded goods to persons who were not engaged in the adult entertainment industry in the United States or in attendance in adult entertainment industry events;

83.2    Defendants did represent to others that there was any affiliation between Defendants and Plaintiff or Plaintiff's ExtenZe® goods, including as a distributor;

83.3    Defendants did use Plaintiff's proprietary marketing materials in selling ExtenZe® branded products;

83.4    Defendants never surrender and transferred to Plaintiff the domain name, www.womenextenze.com, and Defendants even have been using that domain name to sell their own products.

84.     At the time these representations were made by each of the Defendants and when these actions were taken by each of the Defendants, and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of the falsity of each of the Defendants' representations and their conduct. Plaintiff was induced to, and did, act in the manner herein alleged. Plaintiff's reliance on each of the Defendants' representations was justified insofar as Plaintiff had no reason to doubt such representations and as Defendants reassured Plaintiff of the truth of those representations.

85.     As the proximate result of Defendants' conduct, Plaintiff has been damaged in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000.00. Plaintiff will amend this complaint or will offer proof of the exact sum at time of trial.

### Tenth Cause of Action

### (Unfair Competition)

86.     Plaintiff hereby realleges and incorporates herein s though set forth in full its allegations of Paragraphs 1 through 31, 33, 38, 49, 52 through 58, 63 through 66, and 70 through 72.

///

87. As the result of Defendants' conduct as alleged above and by virtue of their consequent violations of Civil Code Sections 1572, 1573, 1709 and 3426, et seq., Defendants have engaged in, and continue to engage in, unfair competition and unlawful business practices prohibited by Business and Professions code Section 17200, et seq.

88. Defendants' conduct as alleged above, and particularly Defendants' trademark infringement, counterfeiting of goods, selling goods below cost, unlawful importation of goods, false and misleading advertising, cyber-squatting, cyber-piracy, and other violations of law, Defendants have engage in, and continue to engage in, constitutes unfair competition proscribed by California Business and Professions Code Section 17200, et seq.

89. As a remedy for Defendants' violations of the provisions of California Business and Professions Code Section 17200, et seq., and Defendants' underlying violations of law, it is just and proper that, pursuant to Business and Professions Code Section 17203:

89.1 Defendants be enjoined from (i) advertising for sale, soliciting the sale of, selling, distributing, and shipping any goods or services using Plaintiff's ExtenZe® registered trademark, including any variation of said mark, (ii) using or referencing Plaintiff's trademark, trade dress, promotional materials, (iii) suggesting in any communication to others that there is any connection between Defendants and Plaintiff, Plaintiff's goods, or Plaintiff's ExtenZe® registered trademark, including that Defendants are a distributor of ExtenZe® branded goods, (iv) importing any goods into the United States purporting to be Plaintiff's goods or goods associated with, or intended prospectively to be associated with, Plaintiff or Plaintiff's ExtenZe® trademark, (v) manufacturing or causing to be manufactured any goods purporting to be Plaintiff's goods or goods associated with, or intended prospectively to be associated with, Plaintiff or Plaintiff's ExtenZe® trademark, (vi) the use of, or transfer to anyone other than Plaintiff of, the domain name, www.womenextenze.com, and (vii) the use of any meta tags or hidden code visible to Internet search engines but invisible to others, containing Plaintiff's registered mark, ExtenZe®, as a means of fooling Internet search engines, confusing prospective customers, or diverting attention and commerce from Plaintiff's website and the true origin of Plaintiff's ExtenZe® branded goods to Defendant's website, address and/or telephone number.

89.2  A receiver be appointed, at Defendants' expense, to (a) collect all books and records of Defendants relating to the manufacture, advertisement, sale, profits from sale, warehousing, distribution, shipment, and the disposition of all proceeds from such sales (traced to their ultimate disposition), of all goods purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress, (b) take possession of all goods purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress, (c) manage and monitor the past and any continuing sales and shipping of goods from or on behalf of Defendants purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress, (d) account to the Court and to Plaintiff the details of Defendants' manufacture, advertisement, sale, profits from sale, warehousing, distribution, shipment, and the disposition of all proceeds from such sales (traced to their ultimate disposition), of all goods purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress.

89.3  An order be issued freezing all transactions with respect to all bank and brokerage accounts belonging to each of the Defendants during the pendency of this action, except that any of the Defendants may, upon the giving of due notice, petition the Court for an order authorizing the release of sufficient funds as are necessary and reasonable for payment of the Defendant's living expenses;

89.4  The United States Justice Department be notified by the Court of Defendant's alleged conduct, with a request for the investigation of such conduct.

90.  As a remedy for Defendants' violations of the provisions of California Business and Professions Code Section 17200, et seq., it is just and proper that Defendants be ordered to disgorge themselves of all profits derived from the alleged wrongful conduct.

91.  As the proximate result of Defendants' conduct, Plaintiff has been damaged in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000.00. Plaintiff will amend this complaint or will offer proof of the exact sum at time of trial.

///

92.     Plaintiff asserts these claims against Defendants, not only on its own behalf, but also, on behalf of the general public, as a "private Attorney General." Accordingly, Plaintiff further request that this court assess against Defendants a civil penalty, pursuant to Business and Professions Code §17206, of $2,500.00 for each violation of Business and Professions code §17200, each advertisement, day of improper website usage, and sale being a separate violation.

### Eleventh Cause of Action

### (False Advertising)

93.     Plaintiff hereby realleges and incorporates herein s though set forth in full its allegations of Paragraphs 1 through 31.

94.     Defendants' public statements and advertising, as alleged herein, constitute untrue and misleading statements proscribed by California Business and Professions Code Section 17500, et. seq.

95.     As the proximate result of Defendants' conduct, Plaintiff has been damaged in an amount which has not yet been ascertained precisely, but which Plaintiff believes to be in excess of $75,000.00. Plaintiff will amend this complaint or will offer proof of the exact sum at time of trial.

96.     Plaintiff asserts these claims against Defendants, not only on its own behalf, but also, on behalf of the general public, as a "private Attorney General." Accordingly, Plaintiff further request that this court assess against Defendants a civil penalty, pursuant to Business and Professions Code §17206, of $2,500.00 for each violation of Business and Professions code §17200, each advertisement, day of improper website usage, and sale being a separate violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants, and each of them:

1.     For temporary, preliminary and permanent injunctions prohibiting Defendants, and their directors, officers, employees, agents, representatives, successors, assigns, and all other persons or entities acting for the benefit of, on behalf of, or in concert with, any of the Defendants from:

1.1     Using Plaintiff's trademark, "ExtenZe®," or any colorable imitation thereof;

1.2     Using any trademark that imitates or is confusingly similar to, or is in any way similar to or a variation of, Plaintiff's trademark, "ExtenZe®;"

1.3     Engaging in any act that tends to lend the impression to consumers that Defendants' goods and services are, in any way, of the same origin as, related to, or a variation of, Plaintiff's goods and services associated with the trademark, "ExtenZe®;"

1.4     Using any internet domain name that contains Plaintiff's trademark, "ExtenZe®," or any variation of that trademark;

1.5     Suggesting in any communication to others that there is any connection between Defendants and Plaintiff, Plaintiff's goods, or Plaintiff's ExtenZe® registered trademark, including that Defendants are a distributor of ExtenZe® branded goods;

1.6     Importing any goods into the United States purporting to be Plaintiff's goods or goods associated with, or intended prospectively to be associated with, Plaintiff or Plaintiff's ExtenZe® trademark;

1.7     Manufacturing or causing to be manufactured any goods purporting to be Plaintiff's goods or goods associated with, or intended prospectively to be associated with, Plaintiff or Plaintiff's ExtenZe® trademark;

1.8     The use of, or transfer to anyone other than Plaintiff of, the domain name, www.womenextenze.com;

1.9     The use of any meta tags or hidden code visible to Internet search engines but invisible to others, containing Plaintiff's registered mark, ExtenZe®, as a means of fooling Internet search engines, confusing prospective customers, or diverting attention and commerce from Plaintiff's website and the true origin of Plaintiff's ExtenZe® branded goods to Defendant's website, address and/or telephone number.

2.     An order compelling each Defendant to file with the Court and serve upon Plaintiff within thirty (30) days following entry of a Preliminary or a Permanent Injunction, a declaration given under penalty of perjury setting forth in full detail the manner and form in which each such Defendant has complied with the injunction.

3.     An order pursuant to 15 USC § 1118 compelling each Defendant to deliver up for destruction all advertising, promotional material, signs, packaging, labels, containers or other materials within their possession, custody or control bearing any trademark found to infringe upon Plaintiff's ExtenZe® trademark, as well as all plates, matrices, tools, dyes, electronic files, and any other means of making same.

4.     An order pursuant to 15 USC § 1117 compelling each Defendant to serve upon Plaintiff (i) an audited financial statement for each accounting year from and after January 1, 2007, (ii) an audited accounting report reflecting all sales of any goods and services promoted or sold under the name, "Extenze," or any other name that is similar to or a variation of "ExtenZe®," itemizing for each fiscal year the amount of the gross sales, the number of units sold, the cost of goods or services sold, and the net profit before tax derived from the sale of each item of goods or services (including the basis for deriving the "net profit"), and (iii) the names, addresses, telephone numbers, and email addresses of each person or entity who purchased any goods and services promoted or sold under the name, "Extenze," or under any other name that is similar to or a variation of "ExtenZe®."

5.     An order pursuant to 15 USC § 1117 holding each Defendant liable for all damages suffered by Plaintiff that was proximately caused by the acts complained of herein.

6.     A declaration from this Court that this is an exceptional case which merits the award to Plaintiff of its reasonable attorney's fees, in accordance with 15 USC § 1117, with an Order so awarding such attorney's fees.

7.     Appointing a receiver, at Defendants' expense, to (a) collect all books and records of Defendants relating to the manufacture, advertisement, sale, profits from sale, warehousing, distribution, shipment, and the disposition of all proceeds from such sales (traced to their ultimate disposition), of all goods purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress, (b) take possession of all goods purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress, (c) manage and monitor the past and any continuing sales and shipping of goods from or on behalf of Defendants purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or

trade dress, (d) account to the Court and to Plaintiff the details of Defendants' manufacture, advertisement, sale, profits from sale, warehousing, distribution, shipment, and the disposition of all proceeds from such sales (traced to their ultimate disposition), of all goods purporting to be Plaintiff's goods or of Plaintiff's origin, or that bear the ExtenZe® trademark or trade dress.

8.      Issuing an Order freezing all transactions with respect to all bank and brokerage accounts belonging to each of the Defendants during the pendency of this action, except that any of the Defendants may, upon the giving of due notice, petition the Court for an order authorizing the release of sufficient funds as are necessary and reasonable for payment of the Defendant's living expenses;

9.      As a remedy for Defendants' violations of the provisions of California Business and Professions Code Section 17200, et seq., it is just and proper that Defendants be ordered to disgorge themselves of all profits derived from the alleged wrongful conduct.

10.      General and compensatory damages, according to proof;

11.      For prejudgment interest on the amounts due Plaintiff from the date the obligation was incurred through the date of judgment, pursuant to Civil Code Section 3287;

12.      For Treble damages, as allowed by law;

13.      For exemplary and punitive damages, according to proof;

14.      For the costs of suit herein;

15.      For reasonable attorney's fees;

16.      For such other and further relief as the Court may deem just and proper.

Dated:  July 16, 2010                   Respectfully submitted,

                                         FINESTONE & RICHTER


                                         _____
                                         JAY STEIN

24

COMPLAINT

# EXHIBIT "A"

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

## United States Patent and Trademark Office

Reg. No. 3,401,265
Registered Mar. 25, 2008

### TRADEMARK
### PRINCIPAL REGISTER

# ExtenZe

BIOTAB NUTRACEUTICALS, INC. (CALIFOR-
NIA CORPORATION)
401 E. HUNTINGTON DR.
MONROVIA, CA 91016

FOR: VITAMIN SUPPLEMENTS, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 11-1-1999; IN COMMERCE 11-1-1999.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-232,418, FILED 7-18-2007.

MARGERY A. TIERNEY, EXAMINING ATTORNEY

## VERIFICATION

I, Tamara Gibson, declare as follows:

I am the President of Biotab Nutraceuticals, Inc, a party to the within action and am duly authorized to make this verification for and on its behalf, and I make this verification for this reason. I have read the foregoing Verified Complaint and am informed and believe, and on that ground allege, that the matters stated in the Complaint are true.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 20 day of July, 2010.

Tamara Gibson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 5335 SVW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Jay Stein, Esq. (State Bar No. 141042)
Finestone & Richter
1875 Century Park East, Suite 1500
Los Angeles, California  90067-2516

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Biotab Nutraceuticals, Inc., a California corporation, | CASE NUMBER |
| PLAINTIFF(S)<br>v. | **CV10 5335 SVW** (JEMx) |
| Beamonstar, LLC, an Arizona limited liability company; Jeff Bolanos, an individual dba Beamonstar; and Does 1 through 100, Inclusive,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __91__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Jay Stein, Esq., of Finestone & Richter , whose address is 1875 Century Park East, Suite 1500, Los Angeles, California 90067-2516 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ JUL 20 2010 _____

By: _____
    **CHRISTOPHER POWERS**
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| BIOTAB NUTRACEUTICALS, INC., a California corporation | BEAMONSTAR, LLC, an Arizona limited liability company; JEFF BOLANOS, an individual dba BEAMONSTAR; and DOES 1 through 100, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jay Stein, Esq. (SBN 141042) of Finestone & Richter<br>1875 Century Park East, Suite 1500, Los Angeles, California 90067<br>310.575.0800 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No      ☒ MONEY DEMANDED IN COMPLAINT: $ According to proof

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Lanham Act for trademark infringement

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment ☐ 443 Housing/Acco-mmodations | | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | IMMIGRATION | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: ___CV10-5335___

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
 ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date  July 16, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |